UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STONEGATE MORTGAGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-7166** |
| **SUSANNAH ARGOTE LEAMING, ET AL.** | **SECTION I** |

### ORDER AND REASONS

On May 27, 2015, plaintiff, Stonegate Mortgage, filed a state-court "petition for mortgage foreclosure by executory process without appraisal" in the 22nd Judicial District Court for the Parish of St. Tammany against defendants, Susannah Argote Leaming and Ethan Harold Leaming.[1] On December 30, 2015, defendants removed that civil action to this Court.[2] The articulated basis for removal is "that the Defendant has been denied due process pursuant to Amendments 4 and 14 of the U.S. Constitution" in connection with seizure of their property.[3]

Plaintiff has filed a timely motion[4] to remand this matter to state court, which motion was noticed for submission on February 17, 2016.[5] Pursuant to Local Rule 7.5, defendants' response was due "no later than eight days before the noticed submission date." The Court has received no response to the motion from defendants or any contact suggesting that a response is forthcoming.[6]

---

[1] R. Doc. No. 1-1, at 1.
[2] R. Doc. No. 1.
[3] R. Doc. No. 1, at 1.
[4] R. Doc. No. 7.
[5] The certificate of service of the motion to remand represents that the motion was mailed to defendants at their address of record. R. Doc. No. 7, at 4.
[6] The Court received a "motion to cancel seizure" from defendants on February 17, 2016, which motion does not address any matters raised in plaintiff's motion to remand. R. Doc. No. 9.

1

Accordingly, the motion is deemed unopposed.

As a basis for remand, plaintiff contends that defendants did not timely remove the state-court proceeding.[7] The copies of the state court petition attached to defendants' notice of removal and to plaintiff's motion to remand both reflect a filing date of May 27, 2015.[8] Plaintiff submits an exhibit reflecting successful service of the petition on both named defendants on June 5, 2015.[9]

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). The undisputed record demonstrates that defendants were served with the petition no later than June 5, 2015 and that they did not file a notice of removal until December 30, 2015, well after the thirty-day period established by 28 U.S.C. § 1446(b)(1).[10] Accordingly, the notice of removal was untimely and the motion to remand must be granted.[11]

---

[7] R. Doc. No. 7-2, at 2.

[8] R. Doc. No. 1-1, at 1; R. Doc. No. 7-4, at 10.

[9] R. Doc. No. 7-11, at 1. Furthermore, a statement signed by defendant, Ethan Leaming, attached to defendants' "motion to cancel seizure" asserts that the petition was served on June 3, 2015. R. Doc. No. 9-2, at 9.

[10] Nothing in the notice of removal or the record as a whole suggests the existence of a "copy of an amended pleading, motion, order or other paper" later received by defendants "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

[11] Because the procedural deficiency is a sufficient basis to grant the motion to remand, the Court does not reach plaintiff's alternative argument based on the apparent lack of written consent to removal from all defendants.

Alternatively, the Court notes that even if removal was procedurally satisfactory, subject matter jurisdiction appears to be lacking. "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which states that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 244 (5th Cir. 2006). "It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks

For the foregoing reasons,

**IT IS ORDERED** that the unopposed motion to remand is **GRANTED** and that the above-captioned matter is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany.

New Orleans, Louisiana, February 17, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

omitted).

The state-court petition filed by plaintiff seeks foreclosure on defendants' mortgage and it does not raise a federal question. R. Doc. No. 1-1. Defendants' assertion of denial of due process is, if anything, a defense which does not create federal question subject matter jurisdiction for the purposes of removal. No other basis for subject matter jurisdiction is apparent from the face of the petition, and defendants have not responded to the motion to remand to articulate any other basis for removal jurisdiction.

3